**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5253-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRONK H. MILLER,

    Defendant-Appellant.

_____

Submitted May 28, 2020 – Decided July 22, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 16-07-1947.

Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Bronk H. Miller was convicted by a jury of a lesser-included offense, second-degree reckless manslaughter, N.J.S.A. 2C:11-4(b)(1), but acquitted of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).[1]  On June 27, 2018, the judge sentenced defendant to ten years imprisonment, subject to the No Early Release Act's eighty-five percent parole ineligibility.  See N.J.S.A. 2C:43-7.2.  The sentence was to be served consecutive to one defendant was already serving.  For the reasons that follow, we remand for a hearing forthwith to clarify certain portions of the record.  We do not retain jurisdiction.

Key to the State's presentation was surveillance footage from cameras recording at two different bars, as well as the street.  A Camden County Prosecutor's Office Homicide Unit detective narrated that surveillance footage over two days.  The detective identified defendant as the man wearing "an Adidas outfit."  The detective testified that the man at times displayed a silver and black handgun, and at one point, confronted the victim outside a bar,

---

[1]  The prosecutor dismissed post-trial the indictment's severed fourth count—certain persons not to possess, N.J.S.A. 2C:39-7(b).

displaying a gun. The disc we were provided depicting that exterior shot is blocked by a setup menu consisting of large white letters. These letters obscure that part of the screen the detective identified as depicting the confrontation as well as defendant's possession of the gun.

We inquired whether the discs we were supplied were the discs shown to the jury, and were informed that indeed it was the same. Because during the trial there is no discussion of the fact that the detective's description of the action cannot be independently seen behind the setup menu letters, it is necessary for us to send this matter back for a further hearing to clarify the point.[2] It is possible, but requires confirmation, that the jury saw the same taped sequence provided to us.

Defendant argues that the detective's narrative, including his alleged possession of a gun and confrontation with defendant, constituted inadmissible lay opinion testimony. He claims the detective's explanation of the videos improperly invaded the jury's role as the fact-finder and filled in the voids in the State's case. This is the principal argument being made on appeal.

---

[2] Curiously, neither party addresses the setup menu in their arguments before this court.

     A-5253-17T4

It is well-established that we review a trial court's evidentiary rulings for abuse of discretion. Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008). But without an accurate record of the proofs, we cannot address that legal determination.

If the obscured video footage we have in our possession is the same as that shown to the jury, defendant has the right to make a motion for a new trial or for such other relief as he may deem appropriate within thirty days of the hearing to settle the record. Should a further appeal be necessary, the decision can be included in any new notice of appeal.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5253-17T4